UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JAMES S. SCOTT,

    Plaintiff,

v.

RAYMOND POERIO, *et al.*,

    Defendants.

Civ. No. 2:13-cv-01875 (WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff James S. Scott filed this employment discrimination action against Raymond Poerio, Robert LaCosta, Bozena Lacina, Jana Giannaci, Dr. Richard S. Nachwalter, Kathleen Odgers, and Jackie Fresco (collectively "Defendants"). This matter comes before the Court on (1) a motion to dismiss filed by Poerio, LaCosta, Lacina, and Giannaci; (2) a motion to dismiss filed by Fresco; (3) a motion to dismiss filed by Nachwalter; and (4) a motion to dismiss filed by Odgers. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**.

**I.    BACKGROUND**

This matter arises out of Plaintiff's allegations that employees of the Township of Scotch Plains and other individuals discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Defendants Poerio, LaCosta, Lacina, and Giannaci are current employees of the Township of Scotch Plains. Defendant Nachwalter was Plaintiff's physician. Defendant Odgers is a registered nurse. Defendant Fresco is a workers compensation adjuster. The Township of Scotch Plains is not named as a defendant in this action.

Plaintiff's core allegations are contained in one paragraph of his Complaint. They are reproduced here in their entirety:[1]

---

[1] Grammatical errors in the original have been left unaltered.

> On June 27, 2012, I was given a return to work notice for July 16, 2012 and signed by Dr. Nachwalter, in which a MRI diagnosed a herniated disc that was job related. On the morning (Thursday) June 28, 2012, I handed the notice to Mrs. Jana Giannaci. However, I received a letter dated June 29, 2012 signed by acting co-managers, Bozena Lacina and Robert LaCosta and cc: to Raymond Poerio, that was accompanied with a forced return to work notice dated June 28, 2012 with the signature of one of the doctor's employees. This June 29, 2012 letter stated that disciplinary action if I did not follow the June 28, 2012 return to work notice. I never received a workers comp. check, I was suspended for five working days without pay. My direct deposit was altered, and a libel defamation against me was sent to the New Jersey Civil Service Commission. (The discriminatory conduct was in violation of the Americans with Disabilities Act Amendments Act of 2008.)

Compl. at 4. On January 8, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") New Jersey Division on Civil Rights. Compl. Ex. 1. On January 31, 2013, the EEOC issued a Right to Sue letter. On March 22, 2013, Plaintiff filed his Complaint in this Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

*Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III. DISCUSSION

All seven Defendants move to dismiss the Complaint. Plaintiff did not file a response to these motions. The Court finds that the motions should be granted. Plaintiff cannot state an employment discrimination claim against any of the Defendants because neither Title VII nor the ADA provides for individual liability. It is well-settled that individual employees may not be held liable for employment discrimination under Title VII. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (noting that "the clear majority of the courts of appeals that have considered this question have held that individual employees cannot be held liable under Title VII" and concluding that "Congress did not intend to hold individual employees liable under Title VII"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII"). It is similarly well-settled that individual employees may not be held liable for employment discrimination under the ADA. *See Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA"). In addition, Defendants Nachwalter and Odgers cannot be held liable for employment discrimination because they are medical professionals who never employed Plaintiff. Accordingly, the motions to dismiss are **GRANTED**.

Courts have long held that, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)). In this case, granting leave to amend would be futile because there is no set of factual allegations that would permit Plaintiff to state a valid claim for relief against any of these Defendants under Title VII or the ADA. Accordingly, the Complaint is **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 8, 2013**